UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARY DOBRIJEVICH and ) | |
| VOJIN DOBRIJEVICH ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 2:05-CV-241 PS |
| ) | |
| FORD MOTOR COMPANY and ) | |
| ILLINOIS FARMERS INSURANCE COMPANY ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Mary Dobrijevich drove her Mercury Sable into a home in Crown Point, Indiana, causing injury to both herself and her husband, Vojin Dobrijevich, who was a passenger in the car. Plaintiffs claims that Ford Motor Company is liable to her because of a design defect in the car relating to the design of the foot and brake pedals. They have also sued their own insurance company, Illinois Farmers Insurance Company ("Farmers"), claiming that Farmers improperly disposed of the car thus preventing them from actively pursuing their products liability claim against Ford.

This matter is before the Court on summary judgment motions separately filed by both defendants, neither of which have been responded to by the Plaintiffs (at least not in a substantive way). Because Plaintiffs cannot prove that the car in question had a design defect and because any claim against Farmers is derivative of the claim against Ford, both motions for summary judgment are granted.

**I. FACTUAL BACKGROUND**

On May 25, 2003, Dobrijevich was driving her 2001 Mercury Sable through Crown

Point, Indiana. She alleges that, as she approached an intersection, the car suddenly accelerated out of control and into a residential house. The Mercury Sable was manufactured by Ford. The thrust of Plaintiffs' claims against Ford appears to be that the brake and accelerator controls were too close together, causing Ms. Dobrijevich to inadvertently hit the accelerator when she meant to hit the brake. However, the car met or exceeded all Federal Motor Vehicle Safety Standards including regulations dealing with accelerator and braking controls.

After the accident, the car was towed and stored at the Central Auto Pool in South Bend. At some point later, the car was then transferred by Farmers to another location and Plaintiffs lost track of it. After it was sued, Ford located the Sable and its expert Mark Hoffman did a thorough inspection of the car. While some of the car had been dismantled, the braking and accelerator controls were still intact. Hoffman photographed the controls, measured them and conducted an analysis on positioning and functionality of the controls. Hoffman concluded that the Sable's brake and accelerator controls did not fail in the accident, did not cause the accident, and remained in proper working order.

Despite being given at last two opportunities to name an expert to testify that the Mercury Sable had a design defect, Plaintiffs' counsel failed to do so. Indeed, in response to summary judgment, Plaintiffs' counsel candidly admitted that he was unable to secure an expert in the case. Ford seeks summary judgment on the strength of the affidavit from its expert that the product was not defective. Farmers seeks summary judgment on the grounds that, even assuming it engaged in unlawful spoliation of the evidence, Plaintiffs cannot show they were damaged because their claim against Ford was not viable anyway.

## II. DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. *Doe v. R.R. Donnelley & Sons, Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The non-moving party must then set forth specific facts showing that there is a genuine issue of material fact and that the moving party is not entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby*, 447 U.S. 242, 248-49 (1986). A genuine dispute about a material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

Local Rule 56.1 sets forth specific requirements for both the party moving for summary judgment as well as for the non-moving party, and because Plaintiffs have not responded to Ford or Farmers' summary judgment motions, it comes into play here. Local Rule 56.1 directs the moving party to file a "Statement of Material Facts" as to which "the moving party contends there is no genuine issue." N.D. Ind. L.R. 56.1(a). The party opposing a summary judgment motion must respond to each of the purported undisputed facts with a "Statement of Genuine Issues" setting forth "all material facts as to which it is contended there exists a genuine issue necessary to be litigated." *Id*. The Local Rule specifically states that "the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the 'Statement of Genuine Issues' filed in opposition to the motion." N.D. Ind. L.R. 56.1(b); *see also Thiele v. Norfolk & Western Ry. Co.*, 873 F. Supp. 1240, 1243 (N.D. Ind. 1994).

In this case, given that the Plaintiffs have not filed any response to either summary

judgment motion or disputed any of the facts set forth in the those motions, the factual allegations contained in those motions are deemed admitted unless they are unsupported by the evidence or contradict each other. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as required by local rules results in an admission.").

Nevertheless, even where an opposing party completely fails to respond to a summary judgment motion, Rule 56(e) permits judgment for the moving party only "*if appropriate* - that is, if the motion demonstrates that there is no genuine issue of material fact *and* that the movant is entitled to judgment as a matter of law." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994) (quoting *Tobey v. Extel/JWP, Inc.* 985, F.2d 330, 332 (7th Cir. 1993)) (emphasis supplied). Thus, even where all of the material facts are undisputed, the court still must ascertain that judgment is proper "as a matter of governing law." *Id.* (citations omitted). For this reason, we will briefly analyze each of Plaintiffs' claims to determine whether judgment is proper.

As to Ford, Plaintiffs claim that the Sable was defectively designed. Under Indiana law, Plaintiffs must prove that the product contained a design defect. Ind. Code § 34-20-2-1. If there is no evidence of a defect, then summary judgment is appropriate. *Condon v. Carl J. Reinke & Sons, Inc.*, 575 N.E.2d 17, 19 (Ind. Ct. App. 1991). Plaintiffs' theory appears to have been that the brake and accelerator were too close together, causing her to press the accelerator when she meant to hit the brake. But in a design defect case, plaintiff must not only show product failure but also that there existed a cost-effective design that would have prevented the injury. *Pries v. Honda Motor Co.*, 31 F.3d 543, 546 (7th Cir. 1994). This, of course, requires expert testimony, *Whitted v. General Motors Corp.*, 58 F.3d 1200, 1206 (7th Cir. 1995), which the Plaintiffs do not have. Because Ford has presented credible evidence that the Mercury Sable met or exceeded all

federal standards and did not contain a design defect, and there is no expert testimony from the Plaintiffs to the contrary, summary judgment in favor of Ford is therefore appropriate.

As for the Plaintiffs' claim against Farmers for spoliation of the evidence, that too must fail.  Presuming for the moment that Farmers had a duty to preserve the Mercury Sable for the benefit of the Plaintiffs, Plaintiffs would still have to show that "the duty was breached, that [Plaintiffs were] harmed by the breach, 'and that the harm resulted in damages that can be proven with reasonable specificity.'" *J.S. Sweet Co. v. Sika Chem. Corp.*, 400 F.3d 1028, 1034 (7th Cir. 2005), *quoting Thompson v. Owensby*, 704 N.E.2d 134, 140 (Ind. Ct. App. 1998). Here, because there is no underlying claim against Ford, Plaintiffs are unable to prove such damages.  Therefore, summary judgment in favor of Farmers is also appropriate.

### III. CONCLUSION

For the foregoing reasons, the Motions for Summary Judgment of Ford Motor Company and Illinois Farmers Insurance Company are **GRANTED**.  The clerk shall **ENTER FINAL JUDGMENT** in favor of Ford Motor Company and Illinois Farmers Insurance Company.  The clerk shall treat this civil action as **TERMINATED**.  All further settings in this action are hereby **VACATED**.

**SO ORDERED.**

ENTERED:  October 19, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

5